[Civ. No. 6967. Second Appellate District, Division One.—January 28, 1932.]

ANNA C. SMITH, Respondent, v. GEORGE F. GETTY, INCORPORATED (a Corporation), Appellant.

George W. Nilsson, Rush M. Blodget, Charles H. King, Francis B. Cobb and Dockweiler, Dockweiler & Finch for Appellant.

C. Roy Smith for Respondent.

YORK, J.—On November 1, 1926, Oliver G. Mason and his wife were the owners of lots 11, 12, 13 and 14, block 36, of the Manila Avenue Tract, in the city of Long Beach, and as lessors, they entered into an oil and gas lease with the defendant corporation covering the four lots named. Prior to the development of any oil, the Masons sold lots 11, 12 and 14, conveying the fee and all their right and interest in the oil lease in the proportion to which the said lots so sold would be entitled, or a total of twelve and one-half per cent of the total production from the four lots. The Masons retained for their own use lot 13 and four and one-sixth per cent of the oil rights. Subsequently, the grantees of the Masons conveyed the lots to other parties, and executed and delivered assignments of their twelve and one-half per cent land owners' royalty to various persons and corporations, who in turn entered into an oil distribution trust in which the California National Bank of Long Beach was named trustee and distributing agent. Said bank gave notice to the defendant corporation of the trust agreement, and the latter by letter agreed to distribute the twelve and one-half per cent royalty to the said bank. The defendant at this time, May 23, 1927, asked the Masons to verify the sale of the three lots and the royalty interest of twelve and one-half per cent, which request was complied with by the Masons. During the months of May, June, July and August, 1927, twelve and one-half per cent of the royalty was actually distributed to the California National Bank upon a basis of 60 cents per barrel for the crude oil produced.

In November, 1928, plaintiff as assignee of all persons owning a share in the twelve and one-half per cent royalty,

brought suit against defendant to recover from it the difference between 60 cents per barrel received by them and the Standard Oil Company's posted market price of 90 cents to 98 cents per barrel (depending on the gravity) from the date the well was placed upon production up to and including August 31, 1927, claiming that they were entitled to the posted market price under their agreement with the defendant company.

The trial court gave judgment to plaintiff for the sum of $2,286.99, this being the difference between 60 cents per barrel paid by defendant, and the posted market price as found by it, from June 16, 1927, to and including August 31, 1927, evidently on the theory that the assignments of royalty were valid, and that the Standard Oil price become effective on June 16, 1927.

Appellant now complains that the court erred in admitting into evidence the various deeds and assignments of royalty for the reason that each of said documents is void as being a security issued and sold in violation of the Corporate Securities Act of the state of California of 1917 (as amended, up to and including 1925); and that there was no continuous chain of title from the common grantor to plaintiff or her assignors, who were alleged in the complaint to be the owners; that the court erred in denying defendant's motion to strike each of said documents; that the court erred in its findings of fact and conclusions of law, that said findings and conclusions are not supported by the evidence and are contrary thereto; that the judgment is not supported by the evidence and is contrary thereto, and that the judgment is not supported by the findings and is contrary thereto; and then proceeds to point out errors made by the trial court in certain specified findings.

We have examined the record carefully, and find that there was ample evidence to support each of the findings made by the court and also to support the judgment made pursuant to said findings. We see no merit in appellant's contention as to error in admitting into evidence the deeds and assignments, or in its contention that plaintiff was unable to show continuous chain of title from a common grantor. The trial judge found to the contrary, and his finding was based evidently upon the deeds and assignments

which were introduced into evidence on behalf of the plaintiff.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 28, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 28, 1932.